## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **GENUINE ENABLING TECHNOLOGY LLC,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**SONY COPORATION and SONY INTERACTIVE ENTERTAINMENT LLC,**<br><br>**Defendants.** | Case No.:<br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Genuine Enabling Technology LLC ("Genuine Enabling") brings this Complaint against Defendants Sony Corporation and Sony Interactive Entertainment LLC (collectively, "the Sony Defendants"), and hereby alleges as follows:

### Nature of the Action

1.      This is an action for patent infringement under 35 U.S.C. § 271, *et seq.*, by Genuine Enabling against the Sony Defendants for infringement of United States Patent No. 6,219,730 ("the '730 patent") (attached as **Exhibit A**).

### The Parties

2.      Genuine Enabling is a Delaware limited liability company with its principal place of business at 301 Santillo Way, Downingtown, PA 19335.

3.      Upon information and belief, Defendant Sony Corporation ("Sony Co.") is a corporation organized and existing under the laws of Japan with its principal place of business at 1-7-1 Konan, Minato-Ku, Tokyo, Japan.

4.     Upon information and belief, Sony Co. is in the business of, *inter alia*, developing, manufacturing, and selling video game products including but not limited to consoles, console systems[1], accessories, controllers and components of those products  such as the Sony Playstation® 3 console system, the Sony Playstation® 4 console system, the Sony DualShock® 3 controller and the Sony DualShock® 4 controller (collectively, "the Sony Products") for importation into the United States and sales in the United States, including Delaware either directly or through intermediaries.

5.     Upon information and belief, Defendant Sony Interactive Entertainment LLC ("Sony Interactive") is a limited liability company organized under the laws of the State of Delaware, having a principal place of business at 2207 Bridgepoint Parkway, in San Mateo, California 94404.

6.     Upon information and belief, Defendant Sony Interactive has appointed Corporation Trust Company at Corporation Trust Center, 1209 Orange Street in Wilmington, Delaware as its registered agent for the service of process in the State of Delaware.

7.     Upon information and belief, Sony Interactive is in the business of, *inter alia*, selling the Sony Products in the United States, including Delaware either directly or through intermediaries.

8.     Upon information and belief, Sony Interactive is a wholly owned, indirect subsidiary of Sony Co.

## Jurisdiction and Venue

9.     This is an action for patent infringement arising under the patent laws of the

---

[1] As used herein, Console system(s) refers to the commercial product offered to retailers and other end-users, which includes, *inter alia*, a console and at least one controller.  An example of a console system can be found at: http://www.bestbuy.com/site/sony-playstation-4-pro-console/5388900.p?skuId=5388900.

United States, Title 35 of the United States Code.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338.

10.     Upon information and belief, the Sony Defendants are, and have been, engaged in the business of making, having made, using, selling and/or offering to sell within the United States, and/or importing into the United States user input devices and console systems containing features and/or functionality covered by one or more claims of the '730 patent.

11.     Non-limiting examples of these user input devices and console systems are the Sony Products, which, on information and belief, have been sold within this judicial District, without limitation, through https://www.playstation.com/en-us/explore/ps4/systems/, and the websites and retail locations of third parties (*see, e.g.*, https://www.playstation.com/en-us/explore/ps4/systems/ which lists at least 5 retail locations in Wilmington, DE).

12.     Upon information and belief, the Sony Defendants purposefully direct sales and offers for sale of user input devices and video game console systems, including but not limited to the Sony Products, toward the state of Delaware, including this District.

13.     This Court has personal jurisdiction over the Sony Defendants because, among other things, the Sony Defendants have committed, aided, abetted, contributed to and/or participated in the commission of patent infringement in violation of 35 U.S.C. § 271 in this judicial district and elsewhere that led to harm and injury to Plaintiff.

14.     For example, the Sony Defendants have placed, and continue to place, products which infringe one or more claims of the '730 patent into the stream of commerce, via an established distribution channel, with the knowledge and/or understanding that such products are sold in this District.

15.     This Court has personal jurisdiction over Sony Co. because it has affiliations with

and/or conducts business in Delaware that are so continuous and systematic as to establish minimum contacts with Delaware such that the exercise of jurisdiction would not offend traditional notions of fair play and substantial justice.

16.    This Court has personal jurisdiction over Sony Interactive because it has affiliations with and/or conducts business in Delaware that are so continuous and systematic as to establish minimum contacts with Delaware such that the exercise of jurisdiction would not offend traditional notions of fair play and substantial justice.

17.    The Sony Defendants have had knowledge of the '730 patent and their infringement since at least as early as the service of Plaintiff's Complaint in this action.

18.    Venue is proper under 28 U.S.C. §§ 1391(b) and (c), and 1400, at least because acts amounting to or in furtherance of patent infringement have been committed in this District and/or the Sony Defendants are subject to personal jurisdiction in this District.

### The Patent-in-Suit

19.    On April 17, 2001, the United States Patent and Trademark Office duly and legally issued United States Patent No. 6,219,730, entitled "Method and Apparatus for Producing a Combined Data Stream and Recovering Therefrom the Respective User Input Stream and at Least One Input Signal," to inventor Nghi Nho Nguyen.

20.    Genuine Enabling Technology LLC is the sole owner of the entire right, title, and interest in and to the '730 patent, including the right to sue and recover past and future damages for any and all infringements thereof.

### First Cause of Action: Direct Infringement of U.S. Patent No. 6,219,730

21.    Plaintiff repeats and incorporates by reference each and every allegation of paragraphs 1 through 20 of this Complaint, as though set forth here in its entirety.

22.     Upon information and belief, the Sony Defendants have infringed, and continue to infringe, either literally and/or under the doctrine of equivalents at least Claims 16, 21, 22, 23, 24 and 25 of the '730 patent by making, using, selling, offering for sale and/or importing into the United States user input devices and video game console systems including, but not limited to, the Sony Products in violation of 35 U.S.C. § 271(a).

23.     As one example, the Sony DualShock® 3 controller is a user input device that either literally or under the doctrine of equivalents meets every element of Claim 16 of the '730 patent.

24.     The following chart provides a non-limiting example of said infringement:

| 16. An apparatus linked to a computer by a communication link, functioning as a user input device and additionally receiving at least one input signal, comprising: | The Sony DualShock® 3 controller is a user input device that communicates with a PlayStation® 3 console via a Bluetooth communication link: |
| --- | --- |
| a user input device producing a user input stream; | The buttons and associated components on the Sony DualShock® 3 controller produce a user input stream; |
| an input port receiving at least one input signal; | The Sony DualShock® 3 controller includes a Bluetooth micro-controller that receives at least one input signal from one or more accelerometers (e.g., the KXSC4 accelerometer) in the Sony DualShock® 3 controller; |
| a converter receiving the at least one input signal for producing an input stream; and | The input signal from the accelerometer (e.g., the KXSC4) is converted into an input stream by a converter (e.g., an analog-to-digital converter) in the Sony DualShock® 3 controller; and |
| a framer synchronizing the user input stream with the input stream and encoding the same into a combined data stream transferable by the communication link. | The Bluetooth micro-controller synchronizes the user input stream with the input stream and encodes them into a combined data stream that is transferable from the Sony DualShock® 3 controller to the PlayStation® 3 console via a Bluetooth communication link. |

25.     By reason of the Sony Defendants' infringing activities, Genuine Enabling has suffered, and will continue to suffer, substantial damages in an amount to be determined at trial.

26.     The Sony Defendants' conduct in infringing the '730 patent renders this case exceptional within the meaning of 35 U.S.C. § 285.

## Second Cause of Action: Induced Infringement of U.S. Patent No. 6,219,730

27.     Plaintiff repeats and incorporates by reference each and every allegation of paragraphs 1 through 26 of this Complaint, as though set forth here in its entirety.

28.     Upon information and belief, the Sony Defendants' customers (e.g., distributors, retailers, and online vendors), and/or other end users directly infringe one or more claims of the '730 patent under 35 U.S.C. § 271(a) by using, selling, offering to sell, or importing infringing products including, but not limited to, the Sony Products in or into the United States.

29.     Upon information and belief and after having knowledge of the '730 patent as set forth in Paragraph 17 above, the Sony Defendants have actively induced, and continue to actively induce infringement of one or more claims of the '730 patent under 35 U.S.C. § 271(b) by selling, importing, and/or offering for sale products, including, but not limited to, the Sony Products, to its customers and/or end users with knowledge and intent that such actions will cause its customers and/or end users to directly infringe the '730 patent, and encourages such infringement through its marketing, sales and support of the products by, *inter alia*, creating and disseminating promotional and marketing materials, instructional manuals, product manuals and other technical materials related to the infringing products.

30.     By reason of the Sony Defendants' infringing activities, Genuine Enabling has suffered, and will continue to suffer, substantial damages in an amount to be determined at trial.

31.     The Sony Defendants' conduct in infringing the '730 patent renders this case

exceptional within the meaning of 35 U.S.C. § 285.

### Third Cause of Action: Contributory Infringement of U.S. Patent No. 6,219,730

32.    Plaintiff repeats and incorporates by reference each and every allegation of paragraphs 1 through 31 of this Complaint, as though set forth here in its entirety.

33.    Upon information and belief and after having knowledge of the '730 patent as set forth in Paragraph 17 above, the Sony Defendants have contributorily infringed, and continue to contributorily infringe, the '730 patent in violation of 35 U.S.C. § 271(c).

34.    The Sony Defendants' customers and other end users directly infringe one or more claims of the '730 patent under 35 U.S.C. § 271(a) by using, selling, offering to sell, or importing infringing products including, but not limited to, the Sony Products.

35.    The Sony Defendants have offered for sale, sold, and/or imported supplemental, ancillary, and/or replacement components that are specially made and/or specially adapted for infringing use with infringing products, including but not limited to, the Sony Products.

36.    Such infringing products, including at least the Sony Products, are designed and intended for use with PlayStation® consoles or other infringing uses and have no substantial non-infringing use.

37.    By reason of the Sony Defendants' infringing activities, Genuine Enabling has suffered, and will continue to suffer, substantial damages in an amount to be determined at trial.

38.    The Sony Defendants' conduct in infringing the '730 patent renders this case exceptional within the meaning of 35 U.S.C. § 285.

### Prayer for Relief

WHEREFORE, Plaintiff respectfully requests the Court to enter judgment as follows:

A.    That Defendants have directly infringed the '730 patent;

B.      That Defendants have induced others to infringe the '730 patent;

C.      That Defendants have contributed to the infringement of the '730 patent;

D.      That Defendants be ordered to pay damages adequate to compensate Plaintiffs for Defendants' infringement of the '730 patent, but in no event less than a reasonable royalty, together with prejudgment and post-judgment interest thereon;

E.      That Defendants be ordered to account for post-verdict infringement and pay no less than a reasonable royalty, together with interest, thereon;

F.      That this is an exceptional case under 35 U.S.C. § 285 and that Plaintiff be awarded its reasonable attorneys' fees, costs, and expenses; and

G.      That Plaintiff be granted such other and additional relief as the Court deems just and proper.

### Jury Demand

Plaintiff hereby demands a jury trial as to all issues so triable.

Dated: February 8, 2017                          WOMBLE CARLYLE SANDRIDGE & RICE, LLP

                                                 /s/ Dana K. Severance
Of Counsel:                                      Dana K. Severance (#4869)
                                                 WOMBLE CARLYLE SANDRIDGE & RICE, LLP
Peter D. Shapiro                                 222 Delaware Avenue, Suite 1501
Christopher M. Gerson                            Wilmington, DE 19801
Giancarlo L. Scaccia                             Telephone: (302) 252-4383
FITZPATRICK, CELLA, HARPER &                     DSeverance@wcsr.com
SCINTO
1290 Avenue of the Americas                      *Attorneys for Plaintiffs*
New York, New York 10104-3800
Tel: (212) 218-2100
Fax: (212) 218-2200
pshapiro@fchs.com
cgerson@fchs.com
gscaccia@fchs.com

-8-