**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| GENUINE ENABLING TECHNOLOGY LLC, <br><br> *Plaintiff*, <br><br> v. <br><br> SONY CORPORATION and SONY INTERACTIVE ENTERTAINMENT LLC, <br><br> *Defendants*. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) )   C.A. No. 17-135-MSG |

**STIPULATION AND ORDER EXTENDING CASE SCHEDULE AND REGARDING SONY DOCUMENT PRODUCTION AND DEPOSITIONS**

WHEREAS, on June 4, 2020, the Court issued the operative Amended Scheduling Order (Dkt. 121) setting a fact discovery deadline of October 22, 2020;

WHEREAS, on June 22, 2020, the Court issued an order correcting and modifying the expert deadlines in the Amended Scheduling Order (Dkt. 127);

WHEREAS, the parties have encountered various delays and difficulties posed by the COVID-19 pandemic and also have encountered various discovery disagreements;

WHEREAS, the parties wish to resolve the impacts of these delays and various disputes via stipulation after successfully conferring to resolve the majority of said disputes;

WHEREAS, Sony and GET have been looking into various potential alternative solutions with regard to depositions of Sony witnesses located in Japan given current problems posed by the COVID-19 pandemic and continue to discuss those potential solutions;

WHEREAS, Sony has continued to diligently search for additional documents and information responsive to GET's discovery requests;

WHEREAS, Sony has proposed a three-month extension of time to complete outstanding discovery and depositions will allow the parties to do so in an orderly and efficient manner;

WHEREAS, GET does not oppose the requested three-month extension in view of Sony's stipulated times to complete discovery as set forth below;

WHEREAS, the parties are still conferring to eliminate a handful of remaining discovery disputes, and although it is GET's position Sony has already promised to provide the remaining disputed discovery, GET has agreed to continue those discussions so as not to further delay submission of this stipulation;

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and between the parties hereto and subject to the approval of the Court, that:

1. Sony shall provide GET the proposed dates for depositions of Sony's three designated U.S.-based witnesses no later than two weeks from the date of the Court's order approving this stipulation and proposed order.

2. Sony shall provide a proposal to GET with respect to a procedure for depositions of Sony's designated Japan-based witnesses to the extent a viable solution is available, as well as dates for such depositions, no later than two weeks from the date of the Court's order approving this stipulation and proposed order.

3. To the extent Sony cannot determine a viable solution for depositions of Japan-based witnesses in light of COVID-related restrictions at or before the time set forth in Paragraph 2, the parties will present the issue to the Court for guidance at that time.

4. Sony shall serve on GET all of the outstanding discovery responses and documents (to the extent such documents and/or information exist) set forth below no later than five weeks from the date of the Court's Order approving this stipulation and proposed order:

| Item No. | Discovery Request(s) | Description |
|---|---|---|
| 1 | Interrogatory No. 20 | Identification of functional features of PS2 controllers |
| 2 | Interrogatory No. 22 & Document Request No. 28 | Cost and profit information for PS2 console and controllers (cost of goods sold, other costs, and gross and marginal profit) |
| 3 | Interrogatory No. 23 & Document Request No. 29 | Licensing revenue relating to Accused Controllers and PS2-compatible controllers |
| 4 | Interrogatory No. 24 | Identification of games that use motion control features of Accused Products and associated revenue for such games |
| 5 | Document Request No. 8 | "documents that are sufficient to identify entities involved in the design and development of the Accused Products as well as the sale, distribution, and marketing of the Accused Products within the United States" |
| 6 | Document Request No. 27 | "notes, memoranda, minutes of meetings, or other documents generated by, prepared for, or received by your [*sic*] directors, officers and/or board of directors that relate to Defendants' alleged infringement or the validity, or enforceability of the '730 patent" |
| 7 | Document Request No. 32 | "Patent licenses related to the communication of button and motion sensing input of the Accused Controllers with the Accused Consoles…" and "documents related to royalty rates for licenses related to the communication of button and motion sensing input of the Accused Controllers with the Accused Consoles…" |
| 8 | Document Request No. 34 | Market analysis, market share, market studies, market reports |
| 9 | Document Request Nos. 44-47 | Documents sufficient to show Sony's U.S. market share for gaming consoles and video game controllers for the 3 years prior to the first U.S. sale of a PS3 console and for each year following |
| 10 | Document Request Nos. 48-49 | Profit projections for PS3 and PS4 |
| 11 | Document Request No. 51 | Licensing revenue from third party controllers adapted for use on PS3 and PS4 |
| 12 | Document Request No. 52 | Patents relating to the Accused Products |

| Item No. | Discovery Request(s) | Description |
|---|---|---|
| 13 | Document Request Nos. 54-55 | "Document showing product and market testing of the Accused Products related to competing products sold in the United States" and "document showing comparisons of the Accused Products to competing products sold in the United States." |
| 14 | Document Request No. 56 | Technology licensed for use in the Accused Products |
| 15 | Document Request No. 58 | Balance sheets and income statements for the Accused Products |
| 16 | Document Request No. 59 | Development costs relating to the Accused Products |
| 17 | Information Requested in Conjunction with GET's December 9-11, 2019 Inspection of Sony's Source Code | Identification of final versions DS3 and PS-Move code-sets |

5. To the extent responsive information does not exist with respect to any of the above following Sony's reasonable and diligent search, Sony shall supplement its response to the respective discovery request to indicate as much no later than five weeks form the date of the Court's Order approving this stipulation and proposed order.

6. The parties have a small number of remaining points of dispute that they are attempting to resolve without the Court's intervention.  To the extent agreement is not reached, the parties agree to present any remaining disputes by joint letter within two weeks from the date of the Court's order approving this stipulation and proposed order.

7. All discovery shall be completed by **January 22, 2021**.

8. Opening expert reports on which a party bears the burden of proof shall be produced by **March 3, 2021.**  Responsive expert reports shall be produced by **April 4, 2021**.  Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition.

Dated: September 30, 2020

| | |
|---|---|
| */s/ Stephen B. Brauerman* | */s/ Kenneth L. Dorsney* |
| Stephen B. Brauerman (No. 4952) | Kenneth L. Dorsney (#3726) |
| BAYARD, P.A. | MORRIS JAMES LLP |
| 600 N. King Street, Suite 400 | 500 Delaware Avenue, Suite 1500 |
| Wilmington, DE 19801 | Wilmington, DE 19801 |
| (302) 655-5000 | (302) 888-6800 |
| sbrauerman@bayardlaw.com | kdorsney@morrisjames.com |
| | |
| OF COUNSEL: | OF COUNSEL: |
| | |
| Devan V. Padmanabhan | Kelly Hughes |
| PADMANABHAN & DAWSON PLLC | Erise IP, P.A. |
| 45 South 7th Street, Ste. 2315 | 5299 DTC Blvd, Suite 1340 |
| Minneapolis, MN 55402 | Greenwood Village, CO 80111 |
| Tel: (612) 444-3601 | 913-777-5600 |
| devan@paddalawgroup.com | kelly.hughes@eriseip.com |
| | |
| *Counsel for Plaintiff* | |
| *Genuine Enabling Technology LLC* | Eric A. Buresh |
| | Hunter Horton |
| | Jason R. Mudd |
| | 7015 College Blvd., Suite 700 |
| | Overland Park, KS 66211 |
| | 913-777-5600 |
| | eric.buresh@eriseip.com |
| | hunter.horton@eriseIP.com |
| | jason.mudd@eriseIP.com |
| | |
| | *Counsel for Sony Defendants* |

IT IS SO ORDERED this  15th  day of  October , 2020.

 /s/ Mitchell S. Goldberg
MITCHELL S. GOLDBERG
United States District Court Judge