IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GENUINE ENABLING TECHNOLOGY LLC, ) ) ) ) *Plaintiff*, ) ) v. ) ) SONY CORPORATION and SONY ) INTERACTIVE ENTERTAINMENT ) LLC, ) ) *Defendants*. ) | C.A. No. 17-135-MSG |

**PLAINTIFF GENUINE ENABLING TECHNOLOGY LLC'S MOTION FOR LEAVE TO FILE SURREPLY BRIEF IN OPPOSITION TO SONY'S MOTION FOR SUMMARY JUDGMENT (D.I. 332)**

Plaintiff Genuine Enabling Technology LLC ("GET") respectfully moves for leave to file a surreply brief pursuant Sections 10-11 of this Court's Policies and Procedures, Updated October 2023, and Local Rule 7.1.2(b) to address new arguments made by Defendants Sony Corporation and Sony Interactive Entertainment LLC (collectively, "Sony") in their Reply Brief in support of their Motion for Summary Judgment (D.I. 330).

On September 11, 2023, Sony filed a Motion for Summary Judgment. D.I. 322-323. GET opposed Sony's motion on October 11, 2023. D.I. 324. Sony filed a Reply Brief on October 25, 2023, and replaced that brief with a corrected Reply Brief on October 26, 2023. D.I. 330.

In its Reply Brief, Sony made three arguments in its summary judgment reply brief that warrant a response in this surreply brief.

**First**, Sony urges the Court to "strike" Mr. Nguyen's declaration. D.I. 330 at 2-4. This constitutes a *de facto* motion to strike, but, because Sony did not file a separate motion, GET has

1

no opportunity to respond unless the Court permits it to file a surreply brief. GET's proposed surreply brief addresses Sony's de facto motion to strike, demonstrating that Mr. Nguyen's declaration does not constitute improper expert testimony, but instead constitutes Mr. Nguyen's factual testimony regarding information that is within his personal knowledge. Nor is Mr. Nguyen's declaration inconsistent with GET's initial disclosures or Mr. Nguyen's deposition testimony.

**Second**, Sony raises a new argument in its reply brief: that the Accused Products do not infringe because GET cannot prove that "the **computer** [is] **actively 'receiving** [the] at least one input signal.'" D.I. 330 at 5 (emphasis added) (addressing "operatively coupled" argument). *See also id.* at 6 (addressing Fernald testing method); *id.* at 8 (addressing indirect infringement argument). Sony did not make this argument in its opening brief, even though it could have done so: Sony was of course aware of the claim language upon which it relies before filing its summary judgment motion. Moreover, Sony has never raised this ground for infringement, including in its technical expert witness's rebuttal expert report on noninfringement. Unless GET is permitted to file a surreply brief, it will not have any opportunity to address a new ground for noninfringement raised by Sony for the first time in its summary judgment reply brief. GET's proposed surreply brief addresses this argument, explaining that it (1) is based on an incorrect reading of the claim language, and (2) has no basis in the law, because infringement of an apparatus claim does not require any particular use of the infringing device.

**Third**, as GET pointed out in its response brief, Sony did not address in its opening brief the controlling Federal Circuit *High Tech* case that governs, and defeats, its "operatively coupled" noninfringement argument, even though it knew of that case. D.I. 324 at 13; *High Tech Med. Inst., Inc. v. New Image Indus., Inc.*, 49 F.3d 1551 (Fed. Cir. 1995). Instead, Sony saved its

efforts to distinguish *High Tech* for its reply brief, when GET would no longer have an automatic right to respond to those arguments. GET addresses Sony's specious distinctions of *High Tech* in its proposed surreply brief.

These circumstances warrant leave to file a surreply brief. "A non-moving party always has the right to respond to new arguments raised in a reply by requesting leave to file a sur-reply." *Catherine B. ex re. B.B. v. Delaware Coll. Prep. Acad.*, Civ. No. 16-06-CFC, 2019 WL 949204, at *5 (D. Del. Feb. 27, 2019), *citing Novartis AG v. Actavis, Inc.*, 243 F.Supp.3d 534, 540 (D. Del. 2017); *see also Fenicle v. Energy Fut. Hldgs. Corp. (In re Energy Fut. Hldgs. Corp.)*, No. 15-cv-1183-RGA, 2016 WL 5402186, at *1 n.4 (D. Del. Sep. 26, 2016) (granting leave to file surreply where party raised in reply a "new argument that Appellants should have an opportunity to address"); *St. Clair Intell. Prop. Consultants, Inc. v. Samsung Elecs. Co.*, 291 F.R.D. 75, 80 (D. Del. 2013) ("A Court may grant leave to file a sur-reply if it responds to new evidence, facts, or arguments") (citations omitted). Sony inappropriately "reserve[d] material for the reply brief which should have been included in a full and fair opening brief." D. Del. L. R. 7.1.3(c)(2); *Southco, Inc. v. Penn Eng'g & Mfg. Corp.*, 768 F.Supp.2d 715, 721 (D. Del. 2011). The Court should grant GET leave to file a surreply brief to address that material.

Accordingly, GET respectfully requests leave to file a surreply brief in opposition to Sony's Motion for Summary Judgment. GET's proposed surreply brief is attached hereto as Exhibit A, and the accompanying Supplemental Declaration of Paul J. Robbennolt is attached hereto as Exhibit B. GET's proposed surreply complies with the requirements of this Court's Policies and Procedures.

Pursuant to D. Del. L. R. 7.1.1, counsel for GET and Sony conferred by telephone on November 8, 2023, and counsel for Sony indicated that Sony opposes this motion.

Dated: November 8, 2023				BAYARD, P.A.


						*/s/ Ronald P. Golden III*
						Stephen B. Brauerman (No. 4952)
						Ronald P. Golden (No. 6254)
						600 N. King Street, Suite 400
						Wilmington, DE 19801
						(302) 655-5000
						sbrauerman@bayardlaw.com
						rgolden@bayardlaw.com

						OF COUNSEL:

						Devan V. Padmanabhan
						Paul J. Robbennolt
						PADMANABHAN & DAWSON PLLC
						45 South 7th Street, Ste. 2315
						Minneapolis, MN  55402
						Tel: (612) 444-3601
						devan@paddalawgroup.com
						paul@paddalawgroup.com

4